# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS L. DOWNING, *et al.*, | Case No. 2:16-cv-02131-APG-PAL |
| Plaintiffs, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| STEVEN B. WOLFSON, *et al.*, | (ECF No. 42) |
| Defendants. | |

Plaintiffs are inmates at the Southern Desert Correctional Center who have been convicted of crimes under Nevada state law and are in the custody of the Nevada Department of Corrections. ECF No. 1-1 at 3. They bring this declaratory relief action alleging that certain Nevada criminal statutes are unconstitutional because they derive from unconstitutional acts of the Nevada Legislature and Nevada Supreme Court justices. *Id.* at 5-7. Some plaintiffs have moved to proceed in forma pauperis and two paid the filing fee. *See, e.g.*, ECF Nos. 10, 12, 14, 22, 33, 34, 36-38.

Magistrate Judge Leen issued a report and recommendation that I dismiss this case. ECF No. 42. First, Judge Leen recommended dismissal because, despite prior warnings, plaintiff Curtis Downing continues to identify himself as the "lead plaintiff" and attempts to represent the other plaintiffs, which he cannot do because he is not an attorney. *Id.* at 3-4. Additionally, she noted that because Downing is not an attorney, he cannot represent the class in a class action and the plaintiffs must hire an attorney to represent them to pursue class-wide claims. *Id.* at 5. Finally, Judge Leen screened the complaint and found it did not state a claim because the plaintiffs' claims are barred by the rule in *Heck v. Humphrey*. *Id.* at 9-10. In light of the proposed dismissal, Judge Leen also recommended that the applications to proceed in forma pauperis be denied as moot and the filing fees of the two who paid be refunded. *Id.* at 11-12.

1       Plaintiff Curtis Downing filed an objection. EF No. 50. Downing concedes he cannot represent the other plaintiffs and that they cannot proceed on a class basis without counsel. He therefore requests I appoint counsel. On the merits, Downing generally argues the court can exercise jurisdiction in this case to address the constitutional challenges to Nevada statutes. As to *Heck*, Downing argues that structural errors in his state criminal prosecution render his conviction void such that he has no conviction to challenge.

      Under the rule announced in *Heck v. Humphrey*, if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The complaint and Downing's objection make clear that he and the other plaintiffs are challenging the validity of their convictions and sentences. The plaintiffs allege that they "have already been arrested, charged, prosecuted, convicted, sentenced, and imprisoned under one (1) or more of the challenged statutes." ECF No. 1-1 at 5. They also state that they are still in the custody of the Nevada Department of Corrections as a result of state court convictions. *Id.* at 3. Thus, they cannot demonstrate that their convictions or sentences have already been invalidated. As a result, their claims are barred under *Heck*. Accordingly, I will dismiss the plaintiffs' complaint without prejudice to each plaintiff refiling his claim should his criminal conviction later be invalidated. I deny the request to appoint counsel because I am dismissing this case.

      IT IS THEREFORE ORDERED that Magistrate Judge Leen's report and recommendation (ECF No. 42) is accepted, plaintiff Curtis Downing's objections (ECF No. 50) are overruled, and the complaint is dismissed without prejudice.

      IT IS FURTHER ORDERED that plaintiffs Curtis Downing, Erick Brown, Edwin Artiga, Fabian Rosas, and Oscar Perez-Marquez's applications to proceed in forma pauperis (ECF Nos. 10, 14, 23, 33, 34) are denied.

      IT IS FURTHER ORDERED that the clerk of court shall refund Nicholas Willing and Erick Brown's $400 filing fees. ECF Nos. 12, 22.

1  IT IS FURTHER ORDERED that the clerk of court is instructed to close this case.

2  DATED this 4th day of August, 2017.

                                                              _____
                                                              ANDREW P. GORDON
                                                              UNITED STATES DISTRICT JUDGE